### THE BEAR-CAMP-RIVER-COMPANY v. WOODMAN.

Where a statute gave to a corporation the right to "demand and recover" certain tolls on the passage of logs through a river, and to stop and detain such logs till the toll should be paid;—it was held that the corporation might maintain an *action* for the toll; the right to detain being only a *cumulative* remedy.

*Assumpsit*, as well as debt, lies for tolls.

Assumpsit for tolls upon defendant's logs which had passed down the Bear-Camp-River, in the State of *New Hampshire*, in which State the plaintiffs were erected into a corporation. By the act of incorporation the plaintiffs had the exclusive right to remove from that river all obstacles to the free passage of mill-logs and lumber; and to " demand and recover" of the owners a toll of one cent and a half for each log, &c. and to stop and detain such logs, &c. till the toll should be paid. And the act was to be void at the end of one year, if the river should not, within that time, be cleared of the obstructions then existing.

At the trial in the Court below, the defendant objected that *assumpsit* would not lie for tolls, under this act of incorporation; —but this point the presiding Judge overruled. He then offered to introduce a variety of testimony to shew that the act was obtained by false and fraudulent representations to the legislature,—that the expense of clearing the river had not exceeded thirty dollars, though previously represented at nearly a thousand ; while the tolls would amount to not less than a hundred and fifty and perhaps three hundred dollars ;—and that the ostensible object of the act was the removal of an obstruction

The Bear-Camp-River-Company v. Woodman.

called the " great jam," which the plaintiffs had never effected ; the logs still passing, as before, by another channel.    All this evidence the Judge rejected, instructing the jury that if they were satisfied that there was a passage for logs down the river, through which the defendant's logs passed, they ought to find for the plaintiffs ; which they accordingly did ;—and the defendant removed the cause here by exceptions filed pursuant to the statute.

*Shepley*, for the defendant.   Under the act of incorporation *no action* lies for tolls.   The statute gives a remedy by *detention* of the logs; and the rule is universal that where a statute gives a remedy it must be strictly pursued.  *Gedney v. Tewksbury*, Cro. Jac. 644. 2 *Salk.* 45, 460. 2 *Burr.* 803, 1152. 3 *Mass.* 307. 5 *Mass.* 514. 11 *Mass.* 364.  *Respublica v. Decaze*, 2 *Dall.* 118.   It is true the statute says the toll may be " demanded and recovered," but this grants no right of action, and *per se* has no legal or technical meaning.   The toll may be recovered by detention, as well as by action ; and the right of stoppage *in transitu* is generally the more prompt and effectual remedy.

But if *any* action is maintainable, it is *debt*, and not *assumpsit. Bigelow v. Camb. and Concord Turnpike Corp.*  7 *Mass.* 202. *Presbyt. Cong. Soc. of Hebron v. Quackenbush*, 10. *Johns.* 217.

Nor have the plaintiffs ever performed the condition of their incorporation.   They were to clear the river of obstructions within a year.—To explain what these obstructions were, we may go out of the act;  *King v. Hogg*, 1 *D. & E.* 728—for the construction of a private statute is analogous to the interpretation of a deed.  *Lofft*, 401, 416.   And by the testimony offered it would appear that, the principal obstruction, to remove which the toll was in fact granted, had never been removed ; and the act therefore expired at the end of the year by its own limitation.

*Eaton*, for the plaintiffs, in answer to the objection that no action lay for these tolls, adverted to the second section of the act, by which the plaintiff may " hold any estate not exceeding " two thousand dollars in value, for the benefit of the company, " provided the company shall not appropriate logs or timber " to their own use,"—which he insisted precluded them not only

from engaging in the lumber trade, but from disposing of logs for the purpose of collecting the tolls ;—and without such power the right of detention might be useless.

As to the remedy, it is properly sought by *assumpsit.* The statute creates a *contract,* and every person receiving the benefit virtually promises to pay the toll annexed to it. *Seward v. Baker,* 1 *D. & E.* 616. *Mayor of Yarmouth v. Eaton,* 3 *Burr,* 1407. 2 *Wils.* 95. *Ld. Pelham v. Pickersgill,* 1 *D. & E.* 660. 1 *N. Hamp. Rep.* 20. 2 *Burr.* 799. 5 *Johns.* 175. 10 *Johns.* 389.

Nor is the right of toll forfeited by non-performance of the condition. The jury have found that no obstruction existed, which is all that is required. The act does not define the mode of clearing the river ; nor is it material whether much or little was expended to effect it. If the plaintiffs have not done this duty, every person injured by their neglect may have his remedy at law. *Riddle v. the propr's of locks, &c. on Merrimac River,* 7 *Mass.* 169.

MELLEN C. J. delivered the opinion of the Court as follows.

Three objections are urged against the correctness of the opinion and instructions of the Judge who tried this cause in the Court of Common Pleas. The first is, that by the act of incorporation the plaintiffs are not entitled to *any action* for the toll by law established ; because the company are authorised to stop and detain logs and lumber till the toll shall have been paid. But the same section provides that the toll may be " demanded and recovered" by said company. The right to detain is only an additional security and remedy. In a vast number of instances a person may have a *lien* on property for his fees or compensation,—but this does not take away his right of action. This objection therefore fails.

The second objection is, that if *any* action will lie, it must be *debt,* and not *assumpsit.* But it does not follow that debt is the *only* proper action ; and on examination of the authorities cited to this point by the plaintiffs' counsel, we are well satisfied that *assumpsit* lies. It can make no difference in principle whether the plaintiffs *by their agent* informed the defendant that he might

convey his logs through the passage at the toll fixed; or whether their *act of incorporation* gave him this notice. In either case, when the defendant run his logs through the passage, he must be considered as agreeing to the terms proposed, and assuming to pay the established toll. This objection, therefore is not supported.

The third objection is, that the company never cleared the river of obstructions, in the manner prescribed in the act, within one year after it was enacted; and that according to the last section, the act, at the end of the year, became void; and the company therefore have no right to the toll demanded. The act authorized the plaintiffs to remove " all logs, trees, " drift-wood and other things which tend to obstruct the free " passage of mill-logs and lumber of any kind down the river," &c. It does not appear, by any fact in the case, that all this was not done. No complaint is heard from any quarter except from the defendant;—and it is proved that all his logs—about three hundred—passed down the river without having been impeded by any kind or degree of obstruction. Whether the river had been properly cleared or not, was a fact, which, being left to the jury, they have found in the affirmative—that *there was* a free passage for logs down the river. We perceive no incorrectness in the instructions of the Judge on either of the points taken;—and therefore we overrule the exceptions and affirm the judgment of the Court of Common Pleas.