*J. Perry* and *O. P. Morton*, for the appellant.

*W. A. Bickle*, for the appellee.

May Term,
1860.
—————
THORNBURGH
v.
THE NEW-
CASTLE, &c.,
RAILRO'D CO.

---

THORNBURGH *v.* THE PRESIDENT OF THE NEWCASTLE AND
DANVILLE RAILROAD COMPANY.

Suit upon a subscription of stock. Answer, 1. Fraud in this, that the soliciting agent represented that in the book he produced there were articles of agreement by which the subscriber might pay for stock in money or in ties for the road at the rate of, &c., and the defendand relying, &c., subscribed without reading, &c., and that said representations were false. 2. That a verbal entire contract was made, a part only of which was reduced to writing; that it was agreed the defendant should subscribe two shares, and might pay the same in ties at the rate of, &c., on demand, and the part reduced to writing is that stated in the complaint, and the other part defendant demands to prove by parol. The latter was for the payment of money absolutely, upon call. *Held*, 1. That the representations were not peculiarly within the knowledge of the plaintiffs, nor such as the defendant might rely upon. 2. That the demand to make parol proof was, in effect, a demand to contradict or vary a written instrument by proof of a verbal contemporaneous agreement, which cannot be done.

Upon the introduction of a record in evidence, it is usually read to the jury by the witness having it in charge, or by an attorney in the cause. It need not be handed to each juror, unless inspection for a particular purpose is necessary.

It cannot be proved collaterally that a railroad company has not expended 5 per cent. within three years, as required by the statute.

APPEAL from the *Hamilton* Court of Common Pleas.

HANNA, J.—Suit on a subscription to the capital stock of the company.

Answer—

1. A denial.

*Tuesday,*
*June 12.*

May Term,
1860.

THORNBURGH
v.
THE NEW-
CASTLE, &C.,
RAILRO'D Co.

2. Fraud in obtaining a subscription, in this, that the soliciting agent represented that in the book he produced there were articles of agreement by which the subscriber might pay for stock in money or in ties for the road at the rate of 25 dollars per annum; that defendant relying, &c., subscribed without reading, &c., and that the said representations were false and fraudulent, &c.

3. That a verbal entire contract was made, &c., a part only of which was reduced to writing; that it was agreed the defendant should subscribe two shares, and might pay the same in railroad ties at the rate of 25 dollars per year, on demand, and the part reduced to writing is that mentioned in the complaint, and the other part the defendant demands to prove by parol, &c.

A demurrer was sustained to the second and third paragraphs of the answer.

Trial by the Court; judgment for the plaintiffs.

The subscription was on the condition that no assessment, except 1 per cent., was to be made until the 600,000 dollars were subscribed.

On the trial, one *McFerly* was a witness, who (the bill of exceptions states) introduced the stock-book of said company in evidence, and swore that the same was the record-book of the company, and stated, verbally, without reading the same or handing the same to the Court for inspection, that said book showed that the stock of the company amounted to over 1,000,000 dollars, &c.

It is insisted that the demurrer was improperly sustained, and that the Court erred in the admission and rejection of evidence.

The defendant offered to introduce evidence to show that the company had not expended 5 per cent. within three years as required by the statute, &c.

The refusal to hear this testimony, is the the ruling complaint of in that behalf.

As to the second paragraph of the answer, it does not set up such representations as were peculiarly within the knowledge of the plaintiffs or their agents, nor such as the defendant had a right to rest and rely upon.

As to the third, that part of the agreement which it admits was properly reduced to writing, was for the payment of money absolutely, upon calls to be made. That part which it states was not reduced to writing, was for the payment in articles other than money, and at times and installments different from those therein provided for. The demand to be permitted to make such proof by parol, was, in effect, a demand to contradict the written instrument, or at least to vary it, by the proof of a contemporaneous verbal agreement. This could not be done. 1 Greenl. Ev. § 275. This case does not fall within the exception to the rule. *Id.* § 284 *a.*

The demurrer was, therefore, properly sustained.

The proof made, as to the amount of the stock subscribed, does not fall within the objection that it was the admission of parol evidence of that which should have been proved by the record. Upon the introduction of a record, it is usually read to the jury by the witness who may have it in charge, or by some attorney who may be engaged in the cause. It is not often, nor is it necessary, in ordinary cases, that it should be handed to each juror, unless in cases when inspection for a particular purpose is necessary. Here it was introduced in evidence. The aggregates, or footings, were stated. The record was there for the inspection of the attorneys, parties, and Court. The witness, in effect, read those aggregates by stating that the book showed certain things.

The testimony offered was properly rejected. Such testimony would have been, perhaps, admissible on a direct proceeding against the company, but not collaterally.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*D. C. Chipman,* for the appellant.

*J. N. Evans,* for the appellees.