## HENRY, ET AL. *v.* THE STATE.

COSTITUTIONAL LAW.—Chapter 169, of Gould's Digest, regulating taverns, groceries and dram shops, is not repealed by section seventeen, of article X, of the Constitution of the State—nor is it in conflict with section five of article X.

WHAT ACTS CONTINUED IN FORCE.—All laws continued in force, by virtue of section sixteen, of article XV, of the Constitution, are as valid as though re-enacted by the General Assembly.

POWER TO LICENSE—*License not a tax, etc.*—The Legislature may pass any law not inhibited by the Constitution, and a law requiring an amount or sum of money to be paid for a license to sell spirituous liquors, is not a *tax* in the sense used in section five, of article X, of the Constitution.

*Appeal from Pulaski Circuit Court.*

HON. JOHN WHYTOCK, Circuit Judge.

*Rice & Benjamin, Gallagher, Newton & Hempstead, Howard and R. S. Gantt,* for appellant.

*Montgomery,* Attorney General, for appellee.

MCCLURE, C. J.

It appears from the record that James A. Henry, John Kinkead and William S. Davis were indicted for keeping grocery without license. At the trial the accused waived a jury, and

the cause was submitted to the court for trial.    Plea, not guil-
ty.    The appellants were found guilty and a fine of twenty
dollars imposed, whereupon the appellants excepted and prayed
an appeal to this court.    No exceptions were taken to the evi-
dence, nor was there a motion for a new trial.

The only point urged in this case, that is not urged in *Scott
v. The State*, is that the appellants were *inn-keepers*, and not
*grocery keepers*.    In the absence of a bill of exceptions, it is im-
possible for us to determine, whether the evidence adduced at
the trial showed that the appellants were grocery keepers or
inn-keepers.    We shall therefore presume that inasmuch as
the court found these parties guilty of keeping a grocery with-
out license, and the counsel not thinking enough of the point
to save the proof upon it, by bill of exceptions, or otherwise,
that there was proof to sustain the finding.    The other points
argued in this case are similar to those urged in the case of
*Scott v. The State*, and what may be said in this, will be equal-
ly applicable to that.    It is urged that chapter 169, of Gould's
Digest, which regulates taverns, groceries and dram-shops, is re-
pealed by section seventeen, of article ten, of the Constitution
of the State.    The section alluded to reads as follows :    " The
General Assembly shall tax all privileges, pursuits and occu-
pations, that are of no real use to society.    All others shall be
exempt, and the amount thus raised shall be paid into the
treasury."    How this section repeals chapter 169, of Gould's
Digest, we are unable to determine.

Before the adoption of the present Constitution, the Legis-
lature imposed a license and a tax upon the privilege, pursuit
or occupation of retailing spirituous liquors in less quantities
than a quart.    The only change made by reason of the adop-
tion of section seventeen, of article X, is, that of an inhibi-
tion, as against the power of the Legislature.    It is an univer-
sal rule that the Legislature may pass any law which the Con-
stitution does not inhibit.    Counsel for the appellants seem to
be infatuated with the idea that, because chapter 169, of Gould's
Digest, was passed before the adoption of the present Constitu-

tion, that it is not in force. All laws in force, before the adoption of the Constitution, were continued in force by section sixteen, of article XV, of the present Constitution, not in conflict with its terms. The whole argument is based upon the supposition that the right to license and tax a grocery-keeper is derived expressly from the present Constitution, and that it did not exist before; in other words, that something new in the history of government had been invented. It is admitted, tacitly, by counsel for the appellants, that the General Assembly has the power, under the present Constitution, to impose such a tax as is imposed by chapter 169, of Gould's Digest, in relation to grocery keepers and dram sellers; but it is urged because no *new* enactment was indulged in by the Legislature, that the old law is a nullity. Such is not the fact. The laws continued in force by the Constitution itself, are as valid as though re-enacted by the General Assembly.

These parties are not indicted for keeping a grocery without paying a *tax*; they are indicted for keeping a grocery without *license*. That the legislature has the right and power to require this class of persons to take out a license before engaging in business, we have no doubt. It is said that chapter 169, of Gould's Digest, is in conflict with section five, article X, which declares: "No *tax* shall be levied except in pursuance of law, etc." A demand of $100, or any other amount of money, for a license to sell spiritous liquors, is not tax in the sense used in section five, of article X, and has never been so regarded in any State of the Union.

As a defective record, this transcript has few equals and no superiors. There is no one point argued in the briefs, that has any application to the case made by the record, but as counsel seem to have been preparing a case to elicit the opinion of the court upon the constitutionality of the 169th chapter of Gould's Digest, we have intimated pretty plainly what it would be, on a record presenting that question.

The judgment is affirmed.