## J. F. McGRATH, et al., v. THE CITY OF NEWTON, et al.

1. CITY ORDINANCE, *When Passed.* In a city of the second class an ordinance may be passed at a special meeting of the city council.

2. SPECIAL MEETING, *May be Called, When.* In such city a special meeting of the city council may be called by the acting mayor, in the absence of the mayor from the city, upon the request of three members of the city council, although one of such members may at the time be the acting mayor himself.

3. ORDINANCE, *Valid Without What.* In such a city an ordinance may become a law, and may be valid without the signature of either the mayor or the acting mayor; and it may also be valid where it is approved by the acting mayor, and where the acting mayor's name is signed to it by the city clerk in the absence of the acting mayor, but at his request.

4. LICENSE TAX ON BUSINESS, *How Far Valid.* Where an ordinance of a city of the second class levies a license tax on more than twenty different kinds of business, *held,* under the facts of this case, that the ordinance is not so inequitable or unreasonable as to be invalid as to every one and all of the various kinds of business which it taxes, even if it is invalid as to any of them.

5. TITLE OF ORDINANCE, *Sufficient.* The title of said ordinance reads as follows: "An ordinance to provide for a business license tax." *Held,* That the title is sufficient under § 9, ch. 19, of the second-class city act.

6. ORDINANCE AND STATUTE, *Not Wholly Void.* Said ordinance is founded upon § 47, ch. 19, of the second-class-city act, as amended by § 3, ch. 40, of the laws of 1881. *Held,* That neither the ordinance nor said § 47, as thus amended, is wholly and entirely void, (even if void in any respect,) on the ground that said § 47 as thus amended is in contravention of § 4, art. 11, or § 5, art. 12, of the constitution.

7. VARIOUS KINDS OF BUSINESS; *Misjoinder of Causes of Action.* A city ordinance of a city of the second class levies taxes upon various kinds of business. These various taxes are levied by different sections of the ordinance, in different modes, in various amounts, and have no connection with each other. Afterward, over sixty different plaintiffs, representing more than twenty different kinds of business, commence an action to perpetually enjoin the various taxes levied against them. *Held,* That these various classes of persons, representing various classes of business, have no community of interest with each other, and that their various causes of action are improperly joined, and that they cannot jointly maintain this action.

### *Error from Harvey District Court.*

ACTION brought by *McGrath* and sixty-one others against *The City of Newton* and its officers, to perpetually enjoin them from collecting certain alleged illegal taxes under "An ordinance to provide for a business license tax." Upon the filing of the petition a temporary injunction was allowed. Defendants then filed a motion to dissolve the injunction, together with an affidavit denying the truth of certain allegations in the petition. The motion was heard by the court, August 28, 1882, when it was sustained, the injunction dissolved, and judgment for costs rendered against the plaintiffs, who bring the case here. The facts are stated in the opinion.

*A. L. Greene,* and *John Reid,* for plaintiffs in error.

*Charles Bucher,* city attorney, and *C. S. Bowman,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Harvey county, by J. F. McGrath and sixty-

one others, to perpetually enjoin the city of Newton, a city of the second class, and its officers, from collecting certain alleged illegal taxes. Upon the filing of the petition a temporary injunction was granted by the court, and the defendants then filed a motion to dissolve such injunction, upon the following grounds:

"1. That the plaintiffs herein are improperly joined, and have no such community of interests herein as legally entitles them to join in this action.

"2. That the facts stated in the petition herein filed are not sufficient to constitute a cause for the injunction herein prayed for, and are not sufficient in law to justify the issuance of the same.

"3. That the facts stated in said petition, as the grounds asking for said injunction, are not true."

The defendants also, at the same time, filed an affidavit of the city attorney denying the truth of all the allegations of the plaintiff's petition, except such as were consistent with the validity of the ordinance of the city levying the said taxes, and the right of the city to collect the same. On the hearing of this motion, both parties introduced evidence; and at the conclusion thereof, the court sustained the motion and dissolved the injunction. To this ruling of the court the plaintiffs excepted, and now bring the case to this court for review. Did the court below err?

The principal facts, briefly stated, are substantially as follows: In the year 1882, R. W. P. Muse was mayor of the <span style="white-space: nowrap">Statement of</span> city of Newton. H. W. Hubbard was the pres- <span style="white-space: nowrap">facts.</span> ident of the council, and acting mayor in the absence of Muse. Hubbard was also a member of the council; and J. W. Edwards was the city clerk. Sometime prior to June 21, 1882, three members of the city council, including Hubbard, petitioned the mayor to call a special meeting of the city council, to be held on June 21, 1882, at 8 o'clock P. M., for the purpose of acting upon a special business-license ordinance, and to make special levies of taxes, and for other purposes. The mayor was absent from the city at the time, and H. W. Hubbard, as acting mayor, called the special

meeting thus prayed for.   The meeting was held at the time
and place designated in the petition, and all the members of
the council were present, and Councilman Hubbard acted as
the president.   The said license ordinance was duly passed at
this meeting—every member-of the city council, including
Hubbard, voting therefor.   Hubbard also, as acting mayor
of the city, approved the ordinance, and told Edwards, the
city clerk, to sign his (Hubbard's) name thereto, which Ed-
wards on the next day and in the absence of Hubbard did,
in the following form :

"Approved June 21, 1882.— H. W. HUBBARD, *President
of Council and acting Mayor,* per E.
    Attest: J. W. EDWARDS, *City Clerk.*"

This ordinance was properly published, and was afterward
copied into the book of ordinances, and the copy was duly
signed by Hubbard as acting mayor.   During all this time
the mayor was absent from the city.   At the next regular
meeting of the city council, the minutes of the special meet-
ing at which the ordinance was passed were read, and ap-
proved by the council.   The ordinance, as adopted at said
special meeting, was entitled "An ordinance to provide for a
business-license tax," and it levied a license tax upon almost
every kind of business that was then or might thereafter be
transacted or carried on within the city limits.   The ordi-
nance was divided into thirty-one sections, and generally a
separate section was devoted to each separate class of business
as classified by the city council, though sometimes two or
three classes of business were provided for in the same sec-
tion.   Each separate class of business, as classified by the
city council, generally included several kinds of business,
though sometimes a separate class included only one kind of
business.   The ordinance levied different amounts of taxes
upon different classes of business, and in some cases provided
different ways for fixing and ascertaining such amounts.   Thus
merchants generally, whose average stock of goods did not
exceed $1,000, were taxed at only $5 per annum, while drug-
gists having the same amount of stock were taxed at $15 per

annum; and circuses and menageries had the high tax of $40 per day imposed upon them. Merchants who had a stock of goods amounting to more than $1,000 were taxed at a less rate upon the additional amount in excess of $1,000 than they were upon the first thousand dollars. Permanent "chiropodists" were taxed at the rate of only $10 per annum, while "transient corn doctors" were taxed at the higher rate of $2 per day.

The plaintiffs claim that this ordinance is void for the following reasons: (1.) Because it was not passed at a *regular* meeting of the council. (2.) Because the meeting was not called by the mayor or acting mayor upon the written request of *three* members of the council, independent of the acting mayor. (Comp. Laws of 1879, ch. 19, § 20.) (3.) Because the ordinance was not *signed* by either the mayor or acting mayor. (4.) "Because it is inequitable, oppressive, unjust, unreasonable, tyrannical, in restraint of trade, and inflicts punishment unusually cruel and unwarranted." (5.) "Because it imposes upon the business of the city an undue proportion of its burdens." (6.) Because it "discriminates against certain kinds of business by casting the whole burden of taxation upon them." (7.) Because "the title of the ordinance is, 'An ordinance to provide for a business-license tax,'" which is not sufficient under § 9, ch. 19, of the Compiled Laws of 1879. (8.) Because the statute upon which the ordinance is founded, to wit, § 47, ch. 19, of the Comp. Laws of 1879, as amended by § 3, ch. 40, of the Laws of 1881, is void, being in contravention of § 4 of art. 11, and § 5 of art. 12 of the constitution.

Now whether the ordinance is valid, or not, in all its particulars, in all its details, and in all respects, we do not think it is necessary to decide; but we do decide that it is not wholly and entirely void. Ordinances may be passed at *special* meetings of the city council; and special meetings may be called by the acting mayor in the absence of the mayor upon the request of three members of the council, although one of such members may at the time be the acting mayor himself. Be-

sides, in the present case, every member of the council was present and voted for the ordinance in question. An ordinance may be valid without the signature of either the mayor or the acting mayor. (Comp. Laws of 1879, ch. 19, § 24.) It is the duty of the mayor or acting mayor to either sign or veto any ordinance passed by the city council; but if he does not do either, then the ordinance becomes a law without his signature. And again, we might say that not only two-thirds of the members of the city council voted for this ordinance, a number sufficient to pass an ordinance over the mayor's veto, but they all voted for it. And the ordinance is not so inequitable or unreasonable as to be invalid as to every one and all of the various kinds of business which it taxes. We suppose that the tax levied upon auctions and auctioneers is unquestionably valid, (*Fretwell v. City of Troy,* 18 Kas. 271;) and probably the tax levied upon insurance companies and insurance agents is also valid, (*City of Leavenworth v. Booth,* 15 Kas. 627;) and we might also mention several of the other specific taxes levied upon other kinds of business, such as hacks, drays, peddlers, places of amusement, and the like, as being valid. (See the numerous authorities cited in brief of counsel for the defendants, as follows: *Sacramento v. Crocker,* 16 Cal. 119; *City v. Sternberg,* 4 Mo. App. 453; *City v. Green,* 7 id. 468; *Slaughter v. Commonwealth,* 13 Gratt. 767; *Mayor &c. v. McWilliams,* 52 Ga. 151; *Henry v. State,* 26 Ark. 523; *Anderson v. Kerns,* 14 Ind. 499; 15 id. 251, 449; *People v. Coleman,* 4 Cal. 446; *Ex parte Hurd,* 49 id. 557; *People v. Illinois,* 13 Ill. 554; 48 id. 172; 50 Ala. 113; *Selectmen v. Spalding,* 8 La. An. 87; *Sears v. West,* 1 Murphey, 291; *Comm'rs v. Patterson,* 8 Jones, N. C. L. 182; 69 Mo. 289; Burroughs on Taxation, § 54; Dillon on Mun. Corp., § 632, and note; Sedgwick on Stat. and Const. Law, 2d ed. 504–507; *City of Leavenworth v. Booth,* 15 Kas. 628.) And all license taxes which may reasonably come within the police power of the state and the city to impose, may be valid.

We think the title to the ordinance is sufficient, and while we do not at present wish to express any opinion as to whether

the statute upon which the ordinance is founded is wholly and entirely valid, yet we do express the opinion that it is not wholly and entirely void. With reference to some of the employments upon which the license tax is levied, we think that both the ordinance and the statute are valid; but with reference to some of the other employments, we express no opinion.

The defendants, however, claim that the plaintiffs cannot maintain this action, for the reason that the several plaintiffs have no community of interest, and their several causes of action are improperly joined. In this action there are sixty-two different plaintiffs, and these plaintiffs represent at least twenty-one different kinds of business. They are grocers, dry-goods merchants, hardware merchants, lumber dealers, doctors, jewelers, stationers, news dealers, milliners, auctioneers, coal dealers, boot-and-shoe dealers, butchers, real-estate agents, loan agents, insurance agents, dealers in candies and fruits, keepers of restaurants, boarding-house keepers, harness dealers, furniture dealers, bankers, and bakers. Now if the representatives of these various kinds of business can maintain this single action to enjoin the various taxes levied upon them, then the representatives of all the various kinds of business taxed by the said ordinance could also maintain one single action to enjoin all the various taxes severally levied against them. Itinerant "corn doctors" could unite with merchants; circus proprietors could unite with bankers, and indeed, not only persons with no possible community of interest, but persons with adverse and conflicting interests, could unite with each other in prosecuting this kind of action. What community of interest is there between dry-goods merchants and boarding-house keepers? Or between bankers and doctors? Or between butchers and milliners? Or between coal dealers and insurance agents? In what respect would the relief of one of these classes of persons benefit the other classes? In what respect would a hardware merchant be benefited by having a confectioner relieved from paying his (the confectioner's) taxes? Or in what respect would a jeweler be benefited by having an auctioneer relieved from

paying taxes? Each class of persons may be benefited by having its own class relieved from paying taxes; but no class of persons could receive any possible benefit from having some other class of persons, differing wholly from its own class, relieved from paying taxes. Only such parties as are united in interest should be made plaintiffs in any action. (*Hudson v. Atchison*, 12 Kas. 140; *Swenson v. Moline Plow Co.*, 14 Kas. 387; *Dobbs v. Stauffer*, 24 Kas. 127; Civil Code, §§ 26, 35, 37, 38.) The plaintiffs cite § 253 of the civil code, and claim that it is applicable to this case, and that it authorizes the joinder of all the present plaintiffs, and all their several causes of action. Now possibly said section may be applicable in some cases, for the purpose of enjoining the kind of taxes sought to be enjoined in this case; but even if it is, it does not authorize all the present plaintiffs to join in the present action. It authorizes only such persons to join in an action as have property affected by the same illegal tax. (*Hudson v. Atchison*, 12 Kas. 140.) It would not authorize the merchants to unite with the auctioneers to enjoin either the tax against the merchants, or the tax against the auctioneers, or both taxes; for the two taxes are not one and the same tax, or one and the same illegal tax. They are two taxes, and one of them may be valid, and the other invalid. The tax against the auctioneers, in the present case, we think is valid, while we do not wish to express any opinion with reference to the tax against the merchants. The two taxes in the present case are levied by two different sections of the ordinance, by different modes, are different in their amounts, and have no connection with each other. Whether said § 253 of the civil code applies to such taxes as are sought to be enjoined in the present case, or not, we would think that all the merchants of the same class might unite as plaintiffs in one action to enjoin the tax against themselves. This would avoid a multiplicity of suits; their interests would be identical; and they would be uniting to enjoin one and the same illegal tax, if it were illegal. So also might all the druggists, or all the physicians, or all the lawyers, or all the

McGrath v. City of Newton.

insurance agents, or all the land agents, unite to enjoin a tax levied against their own separate and particular class; but we do not think that any one class could unite with any other class to enjoin the separate and distinct taxes which have been separately levied against it, by separate and distinct sections of the ordinance, by separate and distinct modes, and in different amounts. Each separate class must attend to the separate tax levied against itself, and cannot object in the courts to taxes levied against the other classes. A tax as above mentioned, against one class, cannot at all be said to be a tax against any other class; and for this reason each class must sue for itself. We shall not examine all the various kinds of business taxed in the present case, to determine whether the ordinance is valid as to all of them or not; and this for the following reasons: (1.) We are not called upon to do so. (2.) The question is a difficult one, and would require a greater amount of labor and investigation than we have time to devote to it, where the case itself does not require that we should do so. (3.) The decision of the court below is consistent with the validity of all the taxes levied by the ordinance, and with the ordinance itself in its entirety; and either the decision of the court below is correct, or else counsel for the plaintiffs have not been very industrious in hunting for authorities showing that it is erroneous. (4.) Even, if we should come to the conclusion that some of the taxes levied by the said ordinance are void, still we would have to affirm the decision of the court below, the same as though all were valid, upon the ground that the various classes of plaintiffs have no community of interest with each other, and that one class has no interest in enjoining the taxes levied against any one of the other classes.

The judgment and order of the court below will be affirmed.

All the Justices concurring.