MARY A. YOUNT, *as Administratrix of the estate of George W. Yount, deceased,* v. WALTER DENNING *et al.*

REAL-ESTATE AGENT, *Unlicensed — Sale — Suit for Commission.* The mayor and council of the city of Winfield provided by ordinance that no person should carry on the business of a real-estate agent without having obtained a license so to do, imposed a semiannual license tax of $10 on each person engaged in the business, and a fine for a violation of the ordinance. The plaintiffs below carried on the business of real-estate agents in said city without having paid the license tax, and in violation of the provisions of the ordinance. In this case they sue for a commission on a sale negotiated by them while so carrying on said business. *Held,* That the transaction is unlawful on their part, and they cannot recover.

*Error from Cowley District Court.*

THE opinion states the nature of the action and the material facts. Judgment for plaintiffs, *Denning* and another. The defendant, *Yount,* brings the case to this court.

*Pollock & Love,* for plaintiff in error:

The sale for which a commission is claimed, and for which judgment was rendered in this case, if made by plaintiffs below, was made in violation of law, and plaintiffs should not have been permitted to recover. At the time the sale of this property was made, on the 3d day of February, 1890, plaintiffs were engaged in the real-estate business in the city of Winfield, Cowley county, Kansas, a city of the second class. The sale of this property, if made by plaintiffs, was made in the city of Winfield. It is admitted by counsel for plaintiffs that ordinance No. 325 of the city of Winfield, entitled "An ordinance in relation to license tax on certain callings, business and occupations in the city of Winfield," etc., was in full force and effect at the time this sale was made. That § 43 of said ordinance 325 of the city of Winfield, prescribing a punishment for the violation of the ordinance, is valid and binding, cannot be controverted, neither can the fact that the plaintiffs might have been prosecuted criminally for the doing of the very act for which they claim compensation in this action. See *Campbell v. City of Anthony,* 40 Kas. 652; *City of Wyandotte v. Corrigan,* 35 id. 21. See, also, *Milne v. Davidson,* 5 Martin, N. S. (La.) 586; Dill. Mun. Corp. (4th ed.), § 308; *Johnson v. Simonton,* 43 Cal. 242; *Stephenson v. Ewing,* 9 S. W. Rep. (Tenn.) 230; Cooley, Tax'n (2d ed.), 572; *Bowman v. Phillips,* 41 Kas. 364.

"It is familiar law, both in England and America, that a contract prohibited either expressly or impliedly by statute is illegal, and cannot be enforced." *Perkins v. Watson,* 2 Baxt. 187; *Insurance Co. v. Insurance Co.,* 11 Humph. 11; *Hale v. Henderson,* 4 id. 200; 2 Benj. Sales (4th Am. ed.), §§ 818, 825; 1 Add. Cont., § 294; *Holt v. Green,* 73 Pa. St. 198; *Dillon v. Allen,* 46 Iowa, 299; *McConnell v. Kitchens,* 20 S. C. 430; *Woods v. Armstrong,* 54 Ala. 150; *Johnson v. Hulings,* 103 Pa. St. 498.

*McDermott & Johnson,* for defendants in error:

There seem to be two kinds of license taxes recognized by the law writers and courts, one for regulation wholly or partly, and one for revenue only. The first is denominated by Cooley, in his work on Taxation, a license, and "is a right granted by some competent authority to do an act which, without such authority, would be illegal." And the second, a tax, which is a rate or sum of money assessed upon the persons following certain lines of business. Cooley, Tax'n, p. 386.

Benjamin, in his work on Sales, ( in §§ 530 to 538, inclusive,) reviews a long line of English cases, and sums up the matter in this way:

" Where a contract is prohibited by statute, it is immaterial to inquire whether the statute was passed for revenue purposes only, or for any other object; but when the question is, whether a contract has been prohibited by statute, it is material, in construing the statute, to ascertain whether the legislature had in view solely the security and collection of the revenue, or had in view, in whole or in part, the protection of the public from fraud in contracts, or the promotion of some object of public policy. In the former case, the inference is, that the statute was not intended to prohibit contracts; in the latter, that it was."

Counsel for plaintiff in error insist that the contract is illegal, because it is prohibited by the ordinance. We do not think this contention is tenable. The city of Winfield has no power, except what the legislature has conferred upon it. Section 48 of chapter 19 of the General Statutes gives cities of the second class exclusive authority to levy and collect license taxes, etc., and § 68 of the same chapter gives the power to prescribe punishment for the violation of its ordinances. The full extent of the power possessed by cities of the second class under these statutes (and they can have no other power) is to levy taxes and to prescribe punishment for failure to pay. This court has already decided that the levy and collecting of said taxes is purely for revenue, and the contracts made in such business without paying the tax are not illegal. *Fretwell*

*v. City of Troy*, 18 Kas. 271; *City of Newton v. Atchison*, 31 id. 151.

Counsel seem to think that the case of *Stephenson v. Ewing*, 9 S. W. Rep. (Tenn.) 230, is exactly in point. We are unable to see the similarity in that case and this. In that case, the statutes of the state, and not the ordinance of a city, were under discussion. This statute provided that the occupation of a real-estate broker "shall be deemed a privilege and be taxed, and not pursued or done without a license," and the court held that was "an express prohibition of all unlicensed persons to act as real-estate brokers." This distinguishes the case from the one at bar, and the distinction is so broad that no application of the case can be made. That law was made by the legislature, which had full power to enact it. The case at bar rests on an ordinance of a city which had no power, under the statute, to make the business or occupation unlawful.

The opinion of the court was delivered by

ALLEN, J.: Walter Denning and Mahlon E. Johnson brought suit against George W. Yount before a justice of the peace, alleging that they were partners, and that the defendant was indebted to them in the sum of $265 for commission on a sale of a quarter section of land negotiated by them for the defendant. The defendant denied liability. The justice of the peace rendered judgment in favor of the defendant for costs. Plaintiffs appealed to the district court, where they obtained judgment for the full amount claimed, and the defendant brings the case here.

It appears from the undisputed facts in the case that the plaintiffs were real-estate agents, doing business in Winfield, a city of the second class; that at the time of the transaction for which they seek to recover there was in force in said city an ordinance containing the following provisions:

"SECTION 1. That no person, firm, company or corporation, shall conduct, carry on or operate in the city of Winfield, Cowley county, state of Kansas, any of the callings,

businesses or occupations hereinafter specified, without first having obtained a license so to do, and having paid the license tax hereinafter prescribed for any such calling, business or occupation so intended to be pursued, carried on, or conducted by any such person, firm, company, or corporation."

"SEC. 17. Each person engaged in the business of real estate and loan agents, or brokers, shall pay a semi-annual license tax of $10."

Section 43 of the same ordinance prescribed a fine of not less than $10 nor more than $100 for a violation of any of the provisions of the ordinance. It is conceded that the plaintiffs had not paid the tax, and were consequently carrying on business in violation of the ordinance when they performed the services for which they seek to recover in this action. The general rule that no person can recover in a court of justice on a cause of action founded on a violation of law is not controverted; but the contention is, that the ordinance of the city was passed solely for the purpose of collecting revenue; that a city council has no power under the statutes of the state to prohibit persons from carrying on the business of real-estate agents; that the limit of its power is to levy the tax, and impose fines for its nonpayment. The power to impose burdens for the purpose of raising revenue is essential, not only to the existence of national and state governments, but to those of municipalities as well. To that power, when rightfully exercised, the citizen must yield. The modes of raising revenue vary according to the views of those imposing the tax and the changing circumstances affecting each case. The revenue of the United States government is raised almost wholly by indirect taxation, and violations of its revenue laws are generally punished by severe penalties, often by confiscations, and contracts founded on a violation thereof are generally held utterly void.

It is urged that there is a distinction between those kinds of business which, because of their character, are deemed subjects of regulation, and on which license taxes are imposed in connection with restrictions and regulations of the mode

of conducting the same, and those businesses which are regarded as altogether proper and legitimate, requiring no such regulation. By § 48 of the act governing cities of the second class, the city council is given exclusive authority to levy and collect a license tax on a very great variety of occupations, including real-estate agents. In this section are named businesses which it is ordinarily thought necessary to regulate and restrict, together with those not so regarded, but the power to impose a license tax on each is precisely the same. The term "license" is defined by Webster, "authority or liberty given to do or forbear any act; especially, a formal permission from the public authorities to perform certain acts; a grant of permission; as a license to preach, practice medicine, sell gunpowder and the like." A license tax differs from other forms of taxation mainly in that it is imposed as a condition to entering upon the conduct of the business. The authorities do not uphold the distinction between the power to impose a license tax on those callings which are regarded as altogether right and proper, requiring no restriction or regulation, and those over which it is necessary to exercise supervision for police and sanitary purposes.

Judge Cooley, in his work on Taxation, (2d ed., p. 572,) says:

"When the tax takes the form of a tax on the privilege of following an employment, convenience in collections will commonly dictate the requirement of a license, and the person taxed will be compelled to pay the tax as a condition to the right to carry on the business at all. In such a case the business carried on without a license will be illegal, and no recovery can be had on contracts made in the course of it."

In 1 Dillon on Municipal Corporations, (4th ed., § 308,) it is said:

"Although the proposition that the legislature of the state is alone competent to make laws is true, yet it is also settled that it is competent for the legislature to delegate to municipal corporations the power to make by-laws and ordinances, with appropriate sanctions, which, when authorized, have the force in favor of the municipality and against persons bound

thereby of laws passed by the legislature of the state. A penalty imposed by an ordinance authorized by the legislature for the doing of certain specified acts amounts to a prohibition, and the prohibited acts become thereby unlawful."

The validity of city ordinances imposing license taxes on occupations has been frequently upheld by this court. In the case of *City of Leavenworth v. Booth*, 15 Kas. 627, a tax of $50 on a fire insurance company, and $100 on a life insurance company was upheld. In *Fretwell v. City of Troy*, 18 Kas. 272, a license tax of $5 per day on auction sales was sustained. See, also, *McGrath v. City of Newton*, 29 Kas. 364; *City of Cherokee v. Fox*, 34 id. 16; *City of Wyandotte v. Corrigan*, 35 id. 21; *Campbell v. City of Anthony*, 40 id. 652. In the last-mentioned case the tax was on a lumber dealer. In the case of *Stephenson v. Ewing*, 9 S. W. Rep. 230, it was held by the supreme court of Tennessee that a real-estate broker who has not, pursuant to acts of Tennessee, 1885, § 46, taken out the license required of persons engaged in that business cannot recover compensation for effecting a sale. The act under consideration declared that the occupation of real-estate broker shall be deemed a privilege and be taxed, and not pursued or done without license. In this case the ordinance prohibits any person from carrying on the business of a real-estate agent without having paid the tax. The prohibition in each case is the same and the calling taxed identical.

The Tennessee case seems to be well supported by authorities. (*Holt v. Green*, 73 Pa. St. 198; *Dillon v. Allen*, 46 Iowa, 299; *Woods v. Armstrong*, 54 Ala. 150; *Johnson v. Hulings*, 103 Pa. St. 498.) In the last-named case, the jury found the following special verdict:

"We find in favor of the plaintiff the sum of $12,300, subject to the opinion of the court upon the following question, viz.: Plaintiff was, in 1878, and for some years before and after, in the business of buying and selling real estate for others upon commission. In 1878, he had no license as a real-estate broker. During that year he negotiated a sale of real estate for the defendant, H. L. Taylor & Co., for which he was to receive $10,000. If the court be of opinion that his failure

to obtain a license as a broker is a bar to his recovery, then we find for the defendant; otherwise, for the plaintiff, as above stated."

The supreme court held that the plaintiff could not recover, and directed judgment to be entered for the defendant.

Does the fact that the license tax was imposed merely by a city council change the rule? A city ordinance authorized by statute, and duly passed, becomes binding on all persons within the corporate limits, and within such limits it has the force and effect of law. (*Milne v. Davidson*, 5 Mart. [N. S.] 586; *Johnson v. Simonton*, 43 Cal. 242.) Licenses to sell intoxicating liquors in this state, prior to the amendment to the constitution, were granted in cities by the city council, and the amount of the tax was fixed by ordinance. In the case of *Alexander v. O'Donnell*, 12 Kas. 608, it was held that "the sale of intoxicating liquors without license being prohibited by statute, no action can be maintained to recover for such liquors so sold on credit, whether the quantity sold be great or small." It is true that in that case the prohibition was by statute. The city council, however, had authority to license. The seller obtained no license to sell, and it was held that the sale was illegal, and he could not recover. Such contracts have been repeatedly declared void by this court. (*Bowman v. Phillips*, 41 Kas. 364; *National Bank v. Gerson*, 50 id. 582; *Flersheim v. Cary*, 39 id. 179.)

We conclude, then, that the city council of Winfield had the right to impose a license tax as a condition precedent to the right to carry on the business of real-estate agent; that, in the exercise of such right, it declared it to be unlawful for any person to engage in the business within the city without having paid the tax; that the plaintiffs conducted their business in violation of the ordinance; and that they cannot come into court and maintain a cause of action founded on their violation of the ordinance.

The judgment will therefore be reversed.

All the Justices concurring.