WALTER DENNING AND MAHLON E. JOHNSON v. MARY A. YOUNT, *Administratrix of the Estate of George W. Yount, deceased.*

No. 472.*   (59 Pac. 1092.)

1. STATUTES—*Effect of Repeal.* The repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced under or by virtue of the statute repealed.

2. ORDINANCES—*Rule of Construction.* The rule for the construction of ordinances is the same as for the construction of statutes.

Error from Cowley district court; A. M. JACKSON, judge. Opinion filed February 19, 1900. Affirmed.

*F. C. Johnson,* for plaintiffs in error.

*Pollock & Lafferty,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was originally commenced before a justice of the peace in Winfield, Cowley county, by the plaintiffs in error, as partners, against George W. Yount, to recover from him the sum of $265, as commission upon a sale of real estate made by them for said Yount in February, 1890. The case was taken on appeal to the district court of

* Affirmed by supreme court July 7, 1900. See 62 Kan. —, 61 Pac. 803.—REP.

said Cowley county, and judgment rendered in favor of the plaintiffs. The defendant in error prosecuted proceedings in error to the supreme court, and the judgment was reversed. (*Yount v. Denning*, 52 Kan. 629, 35 Pac. 207.)

During the pendency of the case in the supreme court George W. Yount died, and the action was revived in the name of Mary A. Yount as the administratrix of his estate. The plaintiffs in error were real-estate agents and carried on their business in the city of Winfield without having paid the occupation tax imposed by a valid ordinance of said city. The supreme court held that they could not recover because they were conducting their business in violation of the ordinance. None of the questions decided in that case will be considered by us.

Upon the last trial in the district court the parties stipulated that the ordinances imposing a license tax upon real-estate agents had been repealed unconditionally. The plaintiffs in error contend that the court should have rendered judgment on the law in force at the date of its rendition.

The common-law as recognized by our supreme court is tersely stated in Cooley's Constitutional Limitations, page 469, as follows:

"If a case is appealed, and pending the appeal the laws are changed, the appellate court must dispose of the case under the law in force when the decision is rendered."

And in the opinion in *Jenness v. Cutler*, 12 Kan. 511, is the following:

"For the purposes of this case we shall assume that no person can have a vested right in the privilege of repudiating his contract — that an act of the legislature providing that all interest shall be forfeited where the creditor has contracted for more than

legal interest is in the nature of a penal statute, and may be repealed or modified by subsequent legislation, so that a creditor who has contracted for more than legal interest during the continuance of such statute may, after its repeal or modification, collect the amount of interest for which he contracted."

So far as the construction of Kansas statutes is concerned, the common law is abrogated by the first subdivision of section 8 of chapter 1, General Statutes of 1897 (Gen. Stat. 1899, § 7009)., which provides that the repeal of a statute does not "affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed." (*State v. Boyle*, 10 Kan. 113.)

The rule for the construction of ordinances is the same as for the construction of statutes. (17 A. & E. Encycl. of L. 264.) Yount having repudiated his contract and pleaded the non-compliance with terms of the ordinance in order to avoid paying the commission he agreed to pay, we see no help for the plaintiffs in error.

The judgment of the district court is affirmed.