WALTER DENNING *et al.* v. MARY A. YOUNT, *as Administratrix, etc.*

No. 11,745.* (61 Pac. 803.)

1. CITY ORDINANCES—*Effect of Repeal.* That part of section 8 of chapter 1 of the General Statutes of 1897 (Gen. Stat. 1899, § 7009), which provides that the repeal of a statute does not affect any right accrued, duty imposed or penalty incurred thereunder, has no application to city ordinances.

*For opinion by the court of appeals, see 9 Kan. App. 708, 59 Pac. 1092.—REP.

2. ———— . *Occupation Tax—Effect of Repeal.* Real-estate agents were denied the right to recover commissions for the sale of land on the ground that their business was carried on in violation of a city ordinance requiring the payment of a license tax, with the provisions of which they had failed to comply. Pending a suit to recover such commissions, the ordinance was repealed, without a saving clause. *Held*, that the repeal did not act retrospectively, nor did it have the effect of giving validity to a transaction which was unlawful when performed.

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges. Opinion filed July 7, 1900. Affirmed.

*McDermott & Johnson*, and *F. C. Johnson*, for plaintiffs in error.

*Pollock & Lafferty*, for defendant in eror.

The opinion of the court was delivered by

SMITH, J. : Walter Denning and Mahlon E. Johnson brought suit against George W. Yount before a justice of the peace, alleging that they were partners engaged in business as real-estate agents, and that the defendant was indebted to them in the sum of $265 for commission on a sale of land negotiated by them. Defendant denied liability, and among other defenses set up an ordinance of the city of Winfield, by the provisions of which it was made unlawful for any person, firm or company to carry on in that city the business of real-estate and loan agents or brokers without paying a semiannual license tax of ten dollars. It was conceded that the plaintiffs had not complied with such ordinance. They obtained judgment in that court, which was reversed here. (*Yount v. Denning*, 52 Kan. 629, 35 Pac. 207.)

This court decided that the failure of Denning & Johnson to pay the license tax imposed by the munici-

pality where they conducted the real-estate business rendered the prosecution of that calling by them unlawful, and that no recovery could be had for the commission claimed by them on the sale of said property. This decision was made at the January term, 1894, and the cause remanded to the district court for a new trial. After the case was docketed for another trial in the court below, the city ordinance above referred to was repealed, without any saving clause. Upon a second trial, it was contended that such repeal gave the plaintiffs below the right to recover to the same extent as if the ordinance had never existed. The trial court, however, did not take this view of the law, and plaintiffs were not permitted to recover, which judgment was affirmed by the court of appeals; and the judgment of that court has been certified here for review.

While the judgment of the district court must be affirmed, we cannot agree that the affirmance should be based upon the reasons given by the court of appeals. The syllabus of the case by that court was as follows:

"1. The repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred nor any proceeding commenced under or by virtue of the statute repealed.

"2. The rule for the construction of ordinances is the same as for the construction of statutes."

The section of the statute cited is applicable to legislative acts and not to ordinances, which are mere by-laws of a municipal corporation. In *City of Humboldt v. McCoy*, 23 Kan. 249, it was held that the constitutional provision that "no bill shall contain more than one subject, which shall be clearly expressed in its title," has no application to city ordinances. Again, in *City of New Kiowa v. Craven*, 46 Kan. 114,

26 Pac. 426, it was decided that a section of the statute concerning county jails had no application to city prisons or jails. While the rules of construction of statutes and ordinances may be the same, yet it does not follow that a statutory provision concerning the effect of the repeal of a law can be extended to include city ordinances.

The real-estate agents were engaged in an unlawful vocation at the time they made the sale of the real estate for which they claim a commission. There was no right of recovery of this commission at the time the sale of the land was made, and the authorities are almost unanimous to the effect that a subsequent repeal making the act lawful will not act retrospectively so as to render that lawful which was done in violation of the law. (Suth. Stat. Const. §§ 336, 480.) In Lawson on Contracts, section 279, it is said that "where a contract made in violation of a statute is void, the subsequent repeal of the statute does not make it valid."

In 2 Parsons on Contracts, section 674, the proposition is stated thus : "But if one agrees to do what is at the time unlawful, a subsequent act making the act lawful cannot give validity to the agreement, because it was void at its beginning." See, also, Endlich on the Interpretation of Statutes, section 488; Clark on Contracts, 507; Bishop on Contracts, section 479; *Roby v. West*, 4 N. H. 285; s. c. 17 Am. Dec. 423. The case of *Bailey v. Mogg*, 4 Denio (N. Y.) 60, 62, is in point. It is there said :

"But while the revised statutes were in force, he could not compel payment for his services as an unlicensed physician, whatever remedies might have been prescribed and administered. Such was the law in 1840, when the services were rendered; and as to his case it was the same in 1845, when the cause was

tried.   The repeal of the previous prohibitory laws by the act of 1844 had no effect upon cases which arose before that act was passed." ( *Woods & Co. v. Armstrong*, 54 Ala. 150 ; *Handy v. St. Paul Globe Publishing Co.*, 41 Minn. 188, 42 N.. W. 872, 4 L. R. A. 466 ; *Puckett v. Alexander*, 102 N. C. 95, 8 S. E. 767, 3 L. R. A. 43.)

Cases cited by counsel for plaintiffs in error, holding that no sentence can be pronounced for violation of a criminal statute which has been repealed without a saving clause, are not in point, nor decisions to the effect that procedure in pending actions must be governed by the law as it stands at the time of trial, not when the action is brought.   In 15 A. & E. Encycl. of L. (2d ed.) 942 and note, a large number of authorities are collected upon the principal question.

The judgment of the court of appeals will be affirmed.