JOHN MAYER v. SAMUEL HARTMAN.

No. 15,071.    (90 Pac. 807.)

OCCUPATION TAX—*Failure to Pay—Defense to Action for Goods Sold.* In an action for the price of goods sold to defendant it was said an answer setting up that plaintiff had not paid an occupation tax required by an ordinance of the city in which plaintiff was doing business stated a good defense.

Error from Wyandotte district court; J. McCABE MOORE, judge. Opinion filed June 8, 1907. Affirmed.

*E. L. Burton,* for plaintiff in error.
*T. A. Pollock,* for defendant in error.

*Per Curiam:* This action was brought to recover a balance of $915 due on an account for coal sold by Mayer to Hartman. The answer set up as a defense that the coal was sold by plaintiff in violation of an ordinance of the city of Kansas City, Kan., which made it unlawful for any person to engage in the business of a jobber or wholesale merchant without having paid an occupation tax.

The case was referred to a referee, who found that at the time of the transaction plaintiff was engaged in the business of selling coal at wholesale in Kansas City,

Kan., and had not taken out a license to engage in business; that a city ordinance was in force at the time which required jobbers and dealers in coal at wholesale to take out a license and pay an occupation tax, and which made it unlawful to carry on any such business without doing so. The findings further show that both parties reside in Kansas City, Kan.; that plaintiff was engaged in the business of selling coal at wholesale but had his principal office in Kansas City, Mo., and had no business office in Kansas City, Kan.; that the coal for the price of which the action was brought was sold in Kansas City, Kan., on orders solicited by plaintiff at defendant's place of business in Kansas City, Kan., which orders were sent to plaintiff's office in Kansas City, Mo., there entered upon the books of the company, and then forwarded to the mines in Kansas to be filled; that plaintiff by the contract of sale agreed to, and did, deliver the coal to defendant at the latter's place of business, the freight thereon being paid by plaintiff. The coal was shipped from Cherokee county, Kansas, to defendant's coal-yard.

The referee found as conclusions of law that the business of plaintiff was not interstate commerce; that it was carried on in the city of Kansas City, Kan., in violation of the ordinance, and that by reason thereof plaintiff was not entitled to recover. Judgment was rendered on the report of the referee in favor of defendant, which plaintiff seeks to reverse.

There is a stipulation that the facts as found by the referee are correct. It is contended, however, that because it appears that the plaintiff had no office or place of business in Kansas City, Kan., and had his principal place of business in another city, the ordinance cannot affect his business or make it unlawful. But the findings are that he was engaged in business in Kansas City, Kan., as a wholesale dealer or jobber in coal, and, no matter where his office or principal place of business may have been, the facts as found by the referee and

agreed to as correct bring him within the operation of the ordinance and make useless all speculation about what constitutes a sale or where it is in fact consummated.

The judgment is affirmed.