THE INTERNATIONAL TEXT-BOOK COMPANY V.
A. T. PIGG.*

No. 15,151. (91 Pac. 74.)

SYLLABUS BY THE COURT.

FOREIGN CORPORATIONS—*"Doing Business in the State"*—*Parties.* Under the agreed facts in this case the plaintiff was a foreign corporation, and at the time of the rendition of the judgment in the court below was "doing business in the state of Kansas" and was not entitled to maintain any action in the courts thereof by reason of its failure to comply with the corporation laws of the state.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed July 5, 1907. Affirmed.

*W. H. Rossington,* and *W. H. Cowles,* for plaintiff in error; *David C. Harrington,* of counsel.

*T. D. Humphreys,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The International Text-book Company brought this action in the court of Topeka on a written contract, dated October 12, 1905, which was set forth in substance in its bill of particulars, as follows:

"Said defendant subscribes for a scholarship in the commercial law course in the International Correspondence Schools, an educational establishment conducted by the plaintiff at Scranton, Pa.; instruction papers and questions to be furnished by plaintiff as studies proceed; scholarship, when paid for, to be non-forfeitable and transferable on payment of stipulated transfer fees; defendant to pay for said scholarship the sum of $84.60, payable $5 at the signing of the contract, and $5 a month thereafter till fully paid, but in case of default in the payment of any instalment all to become due at the option of this plaintiff; and with a further option to said defendant to pay out in full within sixty days at an aggregate of $72."

*Pending in the supreme court of the United States on a writ of error allowed August 6, 1907.

The defendant answered, in abatement, that plaintiff was a foreign corporation, for profit; that it was transacting the business in this state out of which the contract arose; and that it had not complied with the corporation laws of Kansas and was not entitled to maintain the action.

The reply denied that the plaintiff was doing business in the state of Kansas and admitted all other facts alleged in the defendant's bill of particulars.

At the trial the case was submitted upon the following agreed statement, without other evidence, to wit:

· "The parties hereto submit this action to the court for decision upon an agreed statement of facts, as follows:

"(1) The plaintiff is a corporation organized and existing under the laws of the state of Pennsylvania, and is the proprietor of the International Correspondence Schools, located at Scranton, Pa.

"(2) That on October 10, 1905, the defendant executed in Topeka, Kan., an agreement in writing, a copy of which is hereto attached, marked 'Exhibit A,' and made a part hereof; that on or about the 16th day of October, 1905, said agreement was received by the plaintiff in Scranton, Pa., and was by it there approved and accepted; that the plaintiff thereupon delivered to the defendant the scholarship in the International Correspondence Schools referred to in said agreement, and has duly performed all conditions thus far to be performed under the terms of said agreement and scholarship. A blank form of the certificate of scholarship is hereto attached, marked 'Exhibit B.'

"(3) That unless the plaintiff is debarred from maintaining this action by reason of its failure to comply with the statutes of Kansas, as hereafter appears from this statement of facts, the plaintiff is entitled to judgment as prayed for in the bill of particulars.

"(4) The plaintiff is a corporation having a capital stock, and the profits, if any, from the operation of the corporation belong to the corporation, to be distributed in dividends or otherwise applied as it may elect.

"(5) All the executive officers of the plaintiff corporation reside, and exercise their functions as such executive officers, at Scranton, Pa., and not in Kansas.

"(6) The business of the plaintiff is preparing and publishing instruction papers, text-books, and illustrative apparatus for the same, for courses of study suited for teaching by correspondence through the mail, and forwarding such publications and apparatus to students and instructing them through the mail, from Scranton, Pa., in the manner set forth in 'Exhibit A.'

"(7) All the teachers and instructors of the plaintiff corporation reside and perform their duties at Scranton, Pa., and none of them resides in the state of Kansas.

"(8) The plaintiff, in carrying out these operations, employs local or traveling agents, whose title is solicitor-collector, and whose duties are to procure and forward to the plaintiff at Scranton, Pa., from persons in a specified territory, on blanks furnished by the plaintiff, similar in substance to the printed portion of 'Exhibit A,' hereto attached, applications for scholarships in the International Correspondence Schools, and to collect and forward deferred payments on scholarships issued by the plaintiff; that the solicitor-collector is kept informed by the plaintiff of the various fees to be collected for the various scholarships offered and the contract charges to be made for cash or deferred payments, and the terms of payment acceptable to the plaintiff, in order that applicants may, so far as practicable, adapt their applications to their needs.

"The scholarship, instruction papers, text-books, and illustrative apparatus called for under each application accepted are sent by the plaintiff from Scranton, Pa., directly to the applicant; and instruction is imparted by means of correspondence by mail between the applicant, from his residence, and the plaintiff, at Scranton, Pa.

"Moneys paid by the applicants on account of scholarships are received in the first instance by the solicitor-collector of the district where the applicant resides, and by him forwarded to the plaintiff; that the receipt given for such money, with stub, and voucher to be sent the plaintiff, is on a form furnished by the plaintiff, a copy of which is hereto attached, marked 'Exhibit C,' and made a part hereof.

"(9) One J. B. Hughes is solicitor-collector for plaintiff for a territory including Topeka, Kan., and is soliciting students to take correspondence courses in plaintiff's schools. He has his office in room 1, Real

Estate building, on Jackson street, in the city of To-peka, and has in the window of said office a sign, sup-plied by plaintiff, which reads: "Local Agency Inter-national Correspondence Schools, Scranton, Pa." In his office are bound volumes, samples of some of the volumes that are sent out by plaintiff as pertaining to particular courses. Said office is paid for by said Hughes, and is maintained by him for the purpose of furthering the procuring of applications for scholar-ships for plaintiff and the collection of fees therefor, as above set forth; and the plaintiff has no office in the state of Kansas for the purpose of doing any business other than that herein stated.

"That said Hughes is paid a fixed salary by the plaintiff and also a commission on the number of appli-cations obtained and the volume of collections made.

"Numerous persons in the city of Topeka are now, and were at the time this suit was filed, and at the time the contract herein sued on was accepted, taking from plaintiff courses of instruction by correspondence. Contracts for said courses were procured, and pay-ments thereof were and are being collected and re-mitted by plaintiff's solicitor-collector, in the manner above set forth.

"Said Hughes makes to the plaintiff a 'daily report' for his territory on blanks furnished by the plaintiff; and such reports show for the month of March, 1906, aggregate collections on scholarships and deferred pay-ments on scholarships approaching $500.

" (10) The plaintiff has never filed with the secre-tary of state of the state of Kansas its consent to be sued by the service of summons upon said secretary; or any application for authority to do business in the state of Kansas; or any annual reports; and it has no certificate from the secretary of the charter board or from the secretary of state, as to such matters."

Thereupon the court of Topeka rendered judgment in favor of the defendant for costs, and the plaintiff appealed therefrom to the district court of Shawnee county. In the latter court the case was submitted upon the same pleadings and the same evidence, and judgment was therein rendered in favor of the de-fendant. The plaintiff brings the case here.

As disclosed by the agreed statement of facts, a

principal part of the business of the plaintiff was selling scholarships in many branches of learning and collecting the pay therefor. For this purpose it maintained an agency in Kansas, and had, before the commencement of this action, done quite an extensive business with numerous customers, and was evidently seeking and intending to pursue and extend this business. The scholarships entitled the owner thereof to certain books and instruction, and when paid for were transferable. It is true that the books and instruction papers were prepared and forwarded to the owner of the scholarship from another state, but the securing of the order therefor and a part payment in advance were done through an agent in this state. This agent was doing business in Kansas, not his own business, as principal, but the company's business, as its agent. Hence the company was doing business in Kansas.

We are unable to distinguish this case in principle from *Deere v. Wyland,* 69 Kan. 255, 76 Pac. 863, and on the authority of that case and the authorities there cited the judgment is affirmed.

JOHNSTON, C. J., GREENE, BURCH, MASON, GRAVES, JJ., concurring.

PORTER, J. (dissenting): The business of plaintiff was not the disposal of scholarships but the teaching by correspondence of various branches of learning. The sale of the certificate entitled the purchaser thereof to receive instruction, and was a mere incident of the business.

When preliminary examinations of applicants for admission to an eastern university are conducted in Kansas, and certificates issued, the university is not transacting its principal business here, nor would the fact that it received from its agent here the matriculation fee and delivered its certificate here make the transaction the doing of business in the state within the statute requiring foreign corporations seeking to do

business in the state to make application for permission to do so. The repetition of the transaction does not make it, in my opinion, any the less a mere incident of the principal business of the corporation.