THE STANDARD STOCK FOOD COMPANY V. A. J. JASPER.

No. 15,274.   (92 Pac. 1094.)

SYLLABUS BY THE COURT.

FOREIGN CORPORATIONS.—*Parties—Plea in Bar—Allegations and Proof.* In order that a defendant sued by a foreign corporation may avail himself of the bar provided in section 1283 of the General Statutes of 1901 it must be pleaded and must appear from the evidence: (1) That the plaintiff is a foreign corporation; (2) that it is doing business in this state; (3) that it has not obtained a certificate of the secretary of state that statements provided for in that section of the statute have been properly made.

Error from Coffey district court; FREDERICK A. MECKEL, judge. Opinion filed December 7, 1907. Reversed.

*W. S. Kretsinger,* for plaintiff in error.

*Henry E. Ganse,* and *Louis H. Hannen,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The Standard Stock Food Company brought an action in the district court of Coffey county against A. J. Jasper upon an account for merchandise, which it alleged it had sold and delivered upon a written order signed by him and addressed to it at Omaha, Neb., a copy of which order it attached to its petition. The defendant's answer contained a general denial, and a plea that the plaintiff was a foreign corporation, as alleged in its petition; that it had never been authorized to do business in the state of Kansas, and had not filed any of the statements in the office of the secretary of state as required by law, and was therefore not entitled to maintain the action. No reply was filed.

On the trial evidence was introduced tending to show that the order had been received and accepted by the officers of the plaintiff at Omaha; that it had shipped

Stock Food Co. v. Jasper.

the goods in accordance therewith; that the same had been received by the defendant in Kansas; and that the purchase-price was due and unpaid.

The fact that the plaintiff was a foreign corporation being admitted by the pleadings, the defendant introduced evidence tending to show that the plaintiff had not been authorized to do business in this state and had not obtained the certificate of the secretary of state that it had made the statements required by law.

Thereupon the court, at the request of the defendant, instructed the jury to return a verdict in favor of the defendant, which was done. The plaintiff duly filed its motion for a new trial, which was denied, and judgment for costs was entered against it. It brings the case here for review.

There is no evidence that the plaintiff kept any merchandise for sale in the state, or maintained any place of business therein, or ever had any business transaction therein, unless it be the one in question.

The authorities are too uniform and too numerous to require citation that in the sale of goods upon an order the contract is completed where the order is received and accepted, and the sale is completed and delivery made to the purchaser by delivery of the goods to a common carrier for conveyance to the purchaser, unless a contrary intention of the parties is shown.

To debar the plaintiff of the right to maintain the action it was requisite that three facts should have been pleaded and proved as existing at the time of the trial: (1) That plaintiff was a foreign corporation; (2) that it was doing business in this state; (3) that it had not complied with the laws of the state relating to such corporations and had not obtained the required certificate of the secretary of state. The first was admitted; the third may be said to have been pleaded and proved; as to the second, there was a total failure of both pleading and proof.

The judgment is reversed, the verdict set aside, and the case is remanded for further proceedings.