Draper v. Miller.

No. 18,552.

E. D. DRAPER et al., *Appellees,* v. EDWIN L. MILLER, *Appellant,* and W. PRESTON et al., Partners, etc., *Appellees.*

SYLLABUS BY THE COURT.

1. OCCUPATION TAX—*Tax Unpaid—Right of Action for Services Performed—Disability Removed by City Ordinance.* Although one doing business without having paid an occupation tax required by a city ordinance can not ordinarily maintain an action for services performed and material rendered in that connection, this is because of a disability imposed upon him, which may be removed by a subsequent ordinance, or by a pardon.

2. SAME—*Action Begun—Dismissed Without Prejudice—Statute of Limitations.* Where a plaintiff while under such a disability brings an action of that character, dismisses it without prejudice, and afterwards obtains a pardon, he may within a year after such dismissal institute a new action upon the same claim, notwithstanding any other statute of limitations.

3. CONTRACT—*Material Difference in Copies Retained by Each Party—True Agreement Enforced.* Where the terms of a contract are agreed upon, and two writings, supposed to be in conformity thereto, are executed, each party retaining one, the enforcement of the contract against the party who prepared the writings can not be prevented by the fact that the copy retained by him does not conform to the agreement, and that the one given to the other party conforms to it only by reason of an addition, not clearly legible, made before its execution with a different kind of pencil from that employed in the body of the instrument.

4. CONTRACT FOR IMPROVEMENTS—*Repudiated by Lot Owner—Work Not Completed—Damages.* In an action against the owner of property for the value of improvements made thereon

the defendant can not be allowed damages on account of the plaintiff's refusal to complete the work, where such refusal was caused by his own repudiation of the terms of the contract regarding the price he was to pay.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed May 9, 1914. Affirmed.

*Edwin S. McAnany, Maurice L. Alden,* both of Kansas City, *Glen Sherman,* of Kansas City, Mo., and *D. R. Hite,* of Topeka, for the appellant.

*K. P. Snyder,* and *T. A. Pollock,* both of Kansas City, for the appellees; *James T. Cochran,* of counsel.

The opinion of the court was delivered by

MASON, J.: E. D. Draper brought an action against Edwin L. Miller, seeking to enforce a subcontractor's mechanic's lien for plumber's work and material. He recovered a judgment, and the defendant appeals.

The present action was not brought within a year after the filing of the lien statement. But within that time an action was brought seeking to foreclose the lien, which was dismissed without prejudice, and the present action was begun within a year after such dismissal. At the time the account sued on accrued a city ordinance required the payment of an occupation tax by persons pursuing various callings, including that of a plumber. The engaging in business without the payment of the tax was designated in the ordinance as a misdemeanor, and was made punishable by a fine of not more than one hundred dollars. At the time the plaintiff did the work and furnished the material sued for he had not paid such tax. After his first action was dismissed and before the second one was begun he paid the tax, and a new ordinance was passed purporting to pardon all violations of the original law and to remit all penalties thereby incurred by persons who had in the meantime made such payment. The

mayor also undertook to grant a specific pardon to the plaintiff. The defendant maintains: (1) that as the ordinance forbade the plaintiff to transact business as a plumber without paying his tax his act in fitting up the defendant's house was illegal and no recovery for it can be had; (2) that the subsequent ordinance and the pardon granted by the mayor can not give validity to the act and can not confer a right of recovery; and (3) that if a recovery is authorized by virtue of the new ordinance and the pardon the first action was not upon the same cause as the second, and the provision of the code (Civ. Code, § 22) authorizing another suit within a year where there has been a failure otherwise than on the merits has no. application.

In *Yount v. Denning,* 52 Kan. 629, 35 Pac. 207, it was held that one doing business without having paid an occupation tax required by an ordinance similar to that here involved could not recover for his services in that connection. That doctrine has been subsequently applied (*Mayer v. Hartman,* 77 Kan. 788, 90 Pac. 807), although it has been subjected to some criticism (*Fossett v. Lumber Co.,* 76 Kan. 428, 430, 92 Pac. 833; *Manker v. Tough,* 79 Kan. 46, 53, 98 Pac. 792). The legislature, of course, has power to give such an effect to the nonpayment of an occupation tax. The question whether it has done so is one of statutory construction. (Note, 1 L. R. A., n. s., 1159; Note, Ann. Cas. 1912 D, 378.) The Kansas cases above cited place an interpretation on our own statute, and as no amendment has been made thereto the legislature must be deemed to have acquiesced in the construction adopted. We are constrained to follow the actual decisions already made, but think the rule announced should be restricted as much as is consistent with that principle. The ordinance involved does not forbid one to engage in business as a plumber until he has passed an examination or otherwise proved his competency. Its conditions can be fully met by any one who pays the

specified tax. The so-called license which is issued is in effect nothing but a receipt for such payment. The case of the merchant or mechanic who does business while his tax is unpaid is not closely analogous to that of one who engages in a traffic which for some public purpose is altogether forbidden, or permitted only to a restricted class who have met some prescribed condition. The distinction suggested is recognized as a just basis of classification.

"The test whether an unlicensed person can enforce his contracts made in the line of vocation or trade required to be licensed under penalty is apparently whether the license law was enacted merely to obtain a revenue without restrictions upon the class of persons from whom it was to be derived, or whether, besides or altogether, it was designed to protect the public from imposition by ignorance or dishonesty. In the former case the penalty is sufficient to secure the revenue,—is an ample substitute for the license fee; in the latter case nullification of the contract is a necessary consequence." (Note, 12 L. R. A., n. s., 613.)

In accordance with our prior decisions we hold that one who in violation of the ordinance continues in business while refusing or neglecting to pay the tax can not ordinarily maintain an action upon a claim growing out of such business. But we think this consequence must be regarded as a penalty laid upon the delinquent to encourage the prompt payment of taxes, and should be treated as a mere personal disability. The act is not to be classed as so far criminal or unlawful that no legal right can be founded upon it. The city council, authorized by the legislature, ordains that he who does business without paying his tax shall be incapable of enforcing a contract made under such conditions. This is a part of the penalty of his dereliction. In that view of the case there is no difficulty in saying that the public, through its ministers, may remove the disability—that this is merely forgiving a part of the penalty. Here the plaintiff paid his tax, and an

ordinance was passed undertaking to grant him a full pardon for the delay. This was, in effect, a pardon by the mayor, with the consent of the council, which the statute permitted. (Gen. Stat. 1909, § 941.) The effect of a pardon is to remit all penalties and relieve the individual from all the legal consequences of his dereliction. (29 Cyc. 1566.) The new ordinance may be regarded as an amendment of that previously passed, extending the time of payment, and restoring capacity to those who, although originally in default, had subsequently made payment. The situation is similar to that of which this language was used:

"The State, for purposes of its own, denied to him who violated its revenue law the right to enforce any contract he made in reference to the business unlawfully carried on. It was competent for the State to remove the disability it had imposed and to permit contracts not before enforceable because of this disability to be enforced. The State may not make contracts between individuals, it is true, but when individuals have themselves made contracts not enforceable only because of some obstacle the State has interposed, the power which created the barrier may remove it at any time before it has become *res judicata* between the parties. Until then there cannot be said to be a vested right beyond the reach of legislative interference." (*Phenix Insurance Co. v. Pollard,* 63 Miss. 641, 664.)

We conclude that by virtue of the subsequent action of the mayor and council the plaintiff was enabled to maintain an action against the defendant. We also think that the bringing of the first action prevented the running of the statute of limitations, notwithstanding that while it was pending the plaintiff had no legal right to maintain it. It was based upon the same cause of action as that subsequently sued upon, and it failed "otherwise than upon the merits" within the meaning of the statute. (*Seaton v. Hixon,* 35 Kan. 663, 12 Pac. 22.)

The court found, upon sufficient evidence, these facts, among others: When the original contract was

negotiated between the defendant and Preston Brothers, the contractors, the price agreed upon was $1875. Miller undertook to reduce the agreement to writing, and prepared two copies, which were executed by both parties, each retaining one. That retained by the defendant specified the amount as "eight hundred and seventy-five dollars." . That retained by Preston Brothers as originally written (with a purple copying pencil) read in the same way. But before it was executed an addition was made with an ordinary lead pencil to the word "eight," so that it bore a fair resemblance to the word "eighteen." The defendant maintains that while the petition asked a reformation of the written contract so as to make it read "eighteen hundred and seventy-five dollars," the allegations did not justify that relief. We hardly think the question of pleading on this point is important. The writing prepared by the defendant and held by Preston Brothers seemed to read "eighteen," the evidence abundantly supported the finding that it was so intended, and the fact that the copy retained by the defendant did not conform to the agreement does not seem sufficient on any theory to defeat the enforcement of the actual contract.

It is contended that the trial court erred in rendering a judgment upon an instrument which showed upon its face a material alteration. There was positive testimony that the writing was in the same condition when executed as when produced at the trial. The question was one of fact, and we see no reason to set aside the finding of the trial court.

After the plumbing was nearly completed a dispute arose as to whether the contract price was $1875 or $875, the defendant maintaining the latter. In view of this the plaintiff, by direction of Preston Brothers, quit work. The defendant asked an allowance for damages thereby occasioned. Inasmuch as he refused to be bound by what has been determined to be the

actual contract of the parties, he is not in a position to complain because the contractors refused to proceed further under it.

The judgment is affirmed.