No. 23,975.

CRANE & COMPANY, *Appellee*, v. BERT SNOWDEN et al. (A. F. SIEBER, *Appellant*).

### SYLLABUS BY THE COURT.

1. FOREIGN CORPORATION—*Authority to Do Business in Kansas—Question Not Raised by Demurrer.* The petition alleged that plaintiff is a corporation duly incorporated under the laws of the state of Arizona and doing business here. Nothing was said respecting any authority to do business in Kansas. *Held,* that the defense that plaintiff had not complied with the provisions of the statutes authorizing foreign corporations to engage in business in this state cannot be raised by a demurrer. (*Leonard v. Steel Co.,* 73 Kan. 79, 84 Pac. 553.)

2 INJUNCTION—*Restraining Strikers from Interfering with Plaintiff's Business —Petition States Cause of Action.* Following a strike of persons employed in printing establishments, plaintiff, a corporation engaged in the printing business, brought suit to enjoin a number of the strikers from interfering with its business, and alleged that, conspiring and coöperating together and acting individually, defendants congregated on the sidewalks in front of plaintiff's place of business, that they have attacked, annoyed, insulted and interfered with plaintiff's employees, many of whom are in constant fear of violence and injury from defendants by reason of such threats, and that the defendants have interfered physically with the ingress and egress of plaintiff's employees to and from plaintiff's building; that such conduct of defendants tended to demoralize plaintiff's employees, reduce their efficiency, and to injure plaintiff in completing and making delivery under its contracts with the public. *Held,* on a demurrer,

   *a.* The established business of plaintiff as described in the petition is "property" and plaintiff's right to conduct its business without interference by the defendants is one which the courts recognize as a "property right."

   *b.* The facts stated in the petition are sufficient to show that plaintiff has no adequate remedy at law.

   *c.* On a demurrer the averments are sufficient to comply with the provisions of section 7149, General Statutes of 1915, forbidding the issuing of a restraining order or injunction "unless necessary to prevent irreparable injury to property or to a property right of the party making the application, for which injury there is no adequate remedy at law, and such property or property right must be described with particularity in the application."

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed November 4, 1922. Affirmed.

*A. A. Graham,* of Topeka, for the appellant.

*Edwin D. McKeever,* and *Arch M. McKeever,* both of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.:  Plaintiff is a corporation engaged in the business of furnishing printing, binding, stationery and office supplies, and employs in its business many persons in various capacities.  On May 2, 1921, the printers, binders and persons employed in various printing establishments in Topeka, including that of plaintiff's, declared a strike and quit work by reason of a controversy between them and their employers involving hours of labor.  Following the strike, plaintiff continued to operate its business and to carry out its contracts with its numerous customers, employing other workmen to take the places of those who voluntarily quit its employ.  Alleging that many of the employees who went on the strike, and particularly the defendants named, were pursuing a course of conduct which would result in serious and irreparable damage to plaintiff by attempting to intimidate and frighten its employees, causing many of them through fear and annoyance to stop work, this action was brought to enjoin defendants from continuing such unlawful conduct.  The appeal is from an order overruling defendant's demurrer to the petition.

The first contention raised by the appeal is that the petition fails to show that plaintiff has legal capacity to maintain an action in Kansas.  The petition alleges that plaintiff is a corporation duly incorporated under the laws of the state of Arizona, and doing business here.  None of the three cases cited in support of this contention are in point.  The exact question has been determined adversely to defendants in *Northrup v. Wills,* 65 Kan. 769, 70 Pac. 879.  In that case the petition alleged that plaintiff is "a corporation duly chartered, organized and existing under and by virtue of the laws of the state of Texas."  (p. 770.)  Nothing was said respecting any authority to do business in Kansas.  It was not only held that the demurrer was properly overruled, but that the burden of proving that the requisites had not been complied with rested upon the party asserting the negative, for the reason that the statements filed and acts performed by a corporation necessary to entitle it lawfully to engage in business are made and kept in a public office.  That decision was followed in *Leonard v. Steel Co.,* 73 Kan. 79, 84 Pac. 553, which cited in the opinion, with approval, *Jordan v. Telegraph Co.,* 69 Kan. 140, 143, 76 Pac. 397, where it was said:

"The petition discloses that the plaintiff was a foreign corporation, but does

not disclose that it had not complied with the requirements of the chapter cited. This was defensive matter, and to be availed of should have been pleaded."

In the present case, the brief of defendant cites *Colean v. Johnson,* 82 Kan. 655, 109 Pac. 403. That, however, was an action in replevin, and because the rule is that in replevin any defense whatever may be proved under a general denial, it was held that the defendant may defeat a recovery by showing that plaintiff is a foreign corporation without authority to carry on business in this state. But even in a replevin action such a defense could not be raised by a demurrer to the petition. It would have to be pleaded, but a general denial would raise it.

Another contention is that the petition does not state a case falling within section 7149, General Statutes of 1915, under which this action was brought. That section provides:

"That no restraining order or injunction shall be granted by any court of the state of Kansas, or a judge or the judges thereof, in any case between an employer and employee, or between employers and employees, or between em-,ployees, or between persons employed and persons seeking' employment, involving or growing out of a dispute concerning terms or conditions of employment, unless necessary to prevent irreparable injury to property or to a property right of the party making the application, for which injury there is no adequate remedy at law, and such property or property right must be described with particularity in the application, which must be in writing and sworn to by the applicant or by his agent or attorney."

The petition here alleges that plaintiff has no remedy at common law for the reason that the defendants are not financially responsible; in the same connection it alleges that the injury plaintiff suffers and will suffer at their hands is irreparable in its character and can only be prevented by the equitable action of the court. The petition alleges that the defendants, conspiring and coöperating together as well as acting individually, have placed themselves about the premises of the plaintiff and trespassed thereon and upon the sidewalks in front of its place of business, congregating at times in numbers of more than one hundred; that they have attacked, annoyed, insulted, and interfered with plaintiff's employees, many of whom are in constant fear of violence and injury from the defendants, who have repeatedly called the employees of plaintiff "scabs," "rats," and other insulting and abusive names; and have interfered physically with the ingress and egress of plaintiff's employees to and from the plaintiff's building.

It appears from the averments of the petition that some of plaintiff's employees are former members of unions and that others are persons who have sought employment with plaintiff. The petition alleges that the defendants have assailed plaintiff's employees with covert threats implying violence, "in that they have stated in a frightening tone of voice" that if plaintiff's employees did not quit their jobs they would wish they had, and would regret remaining with plaintiff as employees; that defendants are systematically, collectively and individually engaged in such conduct; that this conduct on the part of the defendants tends to demoralize plaintiff's employees, reduce their efficiency as employees, and injures plaintiff in getting out work which its employees have been hired to perform, and to delay plaintiff in completing and making delivery under its contracts with the public. These averments are sufficient to show that the plaintiff has no adequate remedy at law.

Another contention is that the petition fails to show or allege any irreparable injury to property or to a property right. It is said that "property" as used in the statute means something both physical and tangible, something concrete; and "right," something growing out of this physical, tangible, concrete thing. This, in the face of the averments of the petition that the interference and annoyance of plaintiff's employees by threats have interfered and continue to interfere with and obstruct the plaintiff's business. To assert that the only possible support for this claim of plaintiff's is that it has a proprietary interest in its employees—in other words—that plaintiff's claim in this respect can be upheld in the courts only upon the theory that plaintiff's employees are its chattels and slaves, is absurd. The plaintiff is not required to do more than state the facts upon which it bases its cause of action. Its right to conduct its own business without interference of the defendants, physically and otherwise, as set forth in the petition, is a right which the courts will recognize as a property right; and the acts and conduct of the defendants, which the demurrer admits shows that the injury to plaintiff's business is irreparable.

The judgment is affirmed.