No. 24,179.

THE ROCK ISLAND LUMBER & COAL COMPANY, *Appellant,* v. E. A. WALES MILL COMPANY et al., *Appellees.*

### SYLLABUS BY THE COURT.

CITY LICENSE TAX — *Failure to Pay — Lumberman's Lien Valid.* A City ordinance imposing a license tax on lumber dealers interpreted, and held not to invalidate a lien for building material sold by a lumber dealer at a time when it had not paid the tax and procured a license. *Young v. Denning,* 52 Kan. 629, 35 Pac. 207, and kindred cases, distinguished.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed January 6, 1923. Reversed.

*Donald Muir,* and *Henry J. Brady,* both of Anthony, for the appellant.
*Vernon Day,* of Anthony, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to foreclose a mechanic's lien. The defense was that the lien was filed for building material sold by the plaintiff at a time when it had not complied with the provisions of a license-tax ordinance of the city in which plaintiff did business. Judgment was rendered for the defendant, and the plaintiff appeals.

The ordinance reads as follows:

"SECTION 1. An annual license tax is imposed upon all persons doing business within the limits of the city of Harper, in the county of Harper, and the state of Kansas, in the following sums, to wit:  . . .

"Lumber and coal dealers, $10 per annum.

"SEC. 5. Any person who shall neglect, refuse, or fail to pay the license herein provided at the time and in the manner required by this ordinance, and shall thereafter engage in any business upon which a license tax is by said ordinance levied, shall on conviction be fined any sum not less than $5 and not more than $100 for each offense, and the cost of the prosecution, and stand committed to the city or county jail until finally the costs are paid."

In the case of *Yount v. Denning,* 52 Kan. 629, 35 Pac. 207, the syllabus reads as follows:

"The mayor and council of the city of Winfield provided by ordinance that no person should carry on the business of a real-estate agent without having obtained a license so to do, imposed a semiannual license tax of $10 on each person engaged in the business, and a fine for a violation of the ordinance. The plaintiffs below carried on the business of real-estate agents in said city without having paid the license tax, and in violation of the provisions of the ordinance. In this case they sue for a commission on a sale negotiated by them while so carrying on said business. *Held,* That the transaction is unlawful on their part, and they cannot recover."

In that case the ordinance read as follows:

"SECTION 1. That no person, firm, company or corporation, shall conduct, carry on or operate in the city of Winfield, Cowley county, state of Kansas, any of the callings, businesses or occupations hereinafter specified, without first having obtained a license so to do, and having paid the license tax hereinafter prescribed for any such calling, business or occupation so intended to be pursued, carried on, or conducted by any such person, firm, company or corporation.

"SEC. 17. Each person engaged in the business of real-estate and loan agents, or brokers, shall pay a semi-annual license tax of $10." (p. 633.)

In discussing the subject of license taxes for regulation and for revenue, it was said a license tax differs from other forms of taxation mainly in that it is imposed as a condition before entering upon the conduct of business. The statement may or may not be true, and does not constitute a categorical imperative for framing license-tax ordinances. They may be framed to prohibit engaging in business without first obtaining a license, or they may be framed to protect the revenue without making business done before payment of tax unlawful. The decision was rested, however, not on the statement, which was made by way of argument, but on the nature of the ordinance involved, as appears from the following quotations from the opinion:

"In this case the ordinance prohibits any person from carrying on the business of a real-estate agent without having paid the tax. . . .

"We conclude, then, that the city council of Winfield had the right to impose a license tax as a condition precedent to the right to carry on the business of real-estate agent; that, in the exercise of such right, it declared it to be unlawful for any person to engage in the business within the city without having paid the tax; that the plaintiffs conducted their business in violation of the ordinance; and that they cannot come into court and maintain a cause of action founded on their violation of the ordinance." (pp. 635, 636.)

The controversy in *Yount v. Denning* was before the court a sec-

ond time, in the case of *Denning v. Yount,* 62 Kan. 217, 61 Pac. 803, the syllabus of which reads as follows:

"Real-estate agents were denied the right to recover commissions for the sale of land on the ground that their business was carried on in violation of a city ordinance requiring the payment of a license tax, with the provisions of which they had failed to comply. Pending a suit to recover such commissions, the ordinance was repealed, without a saving clause. *Held,* that the repeal did not act retrospectively, nor did it have the effect of giving validity to a transaction which was unlawful when performed." (p. 218.)

In the case of *Fossett v. Lumber Co.,* 76 Kan. 428, 92 Pac. 833, the syllabus reads:

"When a person has complied so far as he can with the provisions of an ordinance requiring him to pay an occupation tax, and has tendered the fee and demanded of the proper officer a license, and the license is refused through no fault of his, it is not unlawful for him, without a license, to engage in an occupation, otherwise lawful, which requires no supervision or regulation." (¶ 1.)

In the case of *Mayer v. Hartman,* 77 Kan. 788, 90 Pac. 807, an ordinance of the city of Kansas City made it unlawful to engage in the business of jobber or wholesale merchant without having first paid an occupation tax, and the rule of *Yount v. Denning* was applied.

In the case of *Manker v. Tough,* 79 Kan. 46, 98 Pac. 792, the ordinance read as follows:

"That on and after the first day of September, 1901, it shall be unlawful for any person or persons, corporation or corporations, to engage in any of the branches of business or industry, within the corporate limits of the city of Scott City, Kan., set forth in this ordinance, without first having obtained a license therefor, signed by the mayor and countersigned by the clerk of said Scott City, Kan., and sealed with the city seal."

"That the license tax on the following professions and businesses shall be the following amount:  . . .  Real estate, $4 for the first member and $2 for each additional member of firm per year.

"Any person violating the provisions of this ordinance shall be deemed guilty of a misdemeanor, and, upon conviction thereof before the police judge, shall be fined in a sum not less than five dollars, nor more than fifty dollars." (pp. 50, 51.)

The statute authorized a license tax on real-estate agents. The plaintiffs were real-estate agents, and sued for their commission on a sale of real estate made for the defendant, who invoked the ordinance. It was held the ordinance should be strictly construed. Real-estate agents were not within the letter of the ordinance, and

the plaintiffs were permitted to recover. In the opinion the following questions were propounded:

"Why should one party to a contract be allowed to avoid the payment of debts he has contracted to pay, and thus gain an unconscionable advantage, because the other party deliberately, or through inability or mere oversight, has failed to discharge an obligation to the city, when there is available to the city both a civil remedy for the wrong and a penal remedy against the wrongdoer? Was it any benefit to the city in *Yount v. Denning,* supra, that one party was relieved from paying the other an agreed compensation for services actually rendered, or in *Mayer v. Hartman,* supra, that one party was enabled to cheat his neighbor out of coal worth nearly $1,000?" (p. 53.)

In the case of *Draper v. Miller,* 92 Kan. 275, 140 Pac. 890, the ordinance provided that no person, firm or corporation should conduct, pursue, carry on, or operate, in the city of Kansas City, the calling, trade, profession, or occupation of a plumber, without first paying to the city treasurer a license or occupation tax of $7.50 for each six months, and presenting the receipt of the treasurer to the city clerk and procuring a license. A plumber brought an action to foreclose a mechanic's lien for labor and material. At the time the labor and material were furnished, and at the time the action was commenced, he had not paid the tax. The action was dismissed, he paid the tax, and a new ordinance was passed pardoning violations of the former ordinance and remitting penalties incurred under it. Afterwards a second foreclosure action was commenced, and the plumber was allowed to recover. It was held the rule announced in *Yount v. Denning* had become *stare decisis,* but that it should be restricted, as far as the principle involved would permit. A distinction was made between ordinances requiring a license to protect the public from imposition or incompetency, as, for example, a license ordinance requiring a plumber to take an examination, and ordinances which may be complied with by anybody by paying the tax. In the latter case, the penalty for violating the ordinance is ample substitute for the fee and sufficient to protect the revenue. An act done in violation of such an ordinance is not to be classed as so far criminal or unlawful that no legal right may be founded on it, and the penalty provision should be regarded as imposing a personal disability. This disability may be removed, and if removed, contracts made while it existed may be enforced.

In the case of *Simmons v. Oatman,* 110 Kan. 44, 202 Pac. 977, the court had under consideration the act of congress levying a

Lumber & Coal Co. v. Mill Co.

special tax on commercial brokers and containing the following provision:

"And every person who carries on any business or occupation for which special taxes are imposed by this Act, without having paid the special tax herein provided, shall, besides being liable to the payment of such special tax, be deemed guilty of a misdemeanor, and upon conviction thereof shall pay a fine of not more than $500, or be imprisoned not more than six months, or both, at the discretion of the court. (38 U. S. Stat. 750, 751, 753.)" (p. 48.)

The court referred to *Yount v. Denning,* and said:

"A distinction is to be noted between that case and this one. There the ordinance in so many words provided that no person should carry on the business without having paid the tax and obtained a license to do so. Here the statute imposes the tax and without in terms forbidding engaging in the taxed occupation prior to paying the tax provides a penalty for such conduct, characterizing it as a misdemeanor. The ordinary rule of course is that to penalize an act is to render it illegal and incapable of forming a valid consideration for a contract. (13 C. J. 421.) This is universally so when the prohibition is in the nature of a police regulation for the general protection of the public morals or welfare. But the question is always one of legislative intent, and the modern and more reasonable view appears to be that 'if the penalty is imposed for the protection of the revenue, it may be presumed that the legislature only desired to make it expensive to the parties in proportion as it is unprofitable to the revenue, and that their contracts are not void.' [Authorities.]" (p. 48.)

The foregoing review of the decisions discloses that, in every case in which the doctrine of *Yount v. Denning* has been applied, the ordinance made it unlawful to engage in business before paying the tax. The doctrine was always of doubtful soundness. Its application has always produced results not pleasant to contemplate, and the disposition of the court, uniformly manifested, has been to restrict, and not to extend, its application. The ordinance of the city of Harper departs from the ordinance of the city of Winfield, considered in *Yount v. Denning,* even more than the congressional act, considered in *Simmons v. Oatman.* It does not, in terms or by necessary implication, make it unlawful for a lumber and coal dealer to sell his wares in case of omission to pay the tax; the penalty is imposed for neglect to pay the tax before engaging in business and, paraphrasing the concluding portion of the opinion in *Simmons v. Oatman,* by weight of more recent authority and by the better reason, the fact that the plaintiff had not paid its $10 license fee is not available to the defendant to defeat an otherwise valid lien for material furnished to improve his property.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.