**PALMISANO et al. v. UNITED STATES BREWING CO.**

No. 2530.

Circuit Court of Appeals, Tenth Circuit.

Oct. 27, 1942.

N. E. Snyder, of Kansas City, Kan. (Frank H. Thompson, of Kansas City, Kan., on the brief), for appellants.

Edwin S. McAnany, of Kansas City, Kan. (Thos. M. Van Cleave and Willard L. Phillips, both of Kansas City, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

On or about August 9, 1934, in Kansas City, Kansas, Leo Palmisano, Frank Palmisano and James Palmisano executed a contract with the United States Brewing Company of Chicago, Illinois, in which they agreed to handle and distribute the company's beer in the territory assigned to them. Apparently at the same time and as a part of the same transaction, a guaranty contract was signed by the three Palmisano brothers and by Mary Palmisano, wife of James Palmisano, in which they guaranteed performance of the distributor's contract. Beer was distributed under this contract until 1939. At that time there was a balance due the company of $4,580.52. Payment being refused, an action was instituted on the bond to recover the amount due. Judgment was entered against the parties to the bond. All have appealed except Leo Palmisano.

Appellants contend that the distributor's contract was void because it provided for

the distribution of beer in Kansas, contrary to the criminal laws and in violation of the settled policy of the state, and that therefore no recovery may be had thereunder nor on the bond given to assure performance thereof.

The distributor's contract is not set out in the record. It does not appear whether it specifically designated the territory in which the Palmisano Brothers were to distribute beer. Apparently it did not, for on August 21, 1934, the company supplemented the contract by a letter of confirmation, which reads as follows:

"So that there will not be any misunderstanding, we inquired of our Mr. Blackman as to the territory which he allotted you in the handling of our beers. According to his letter of August 19th, we understand you are to cover the following counties:

"Wyandotte
"Leavenworth
"Johnson

"We hope this is according to your understanding, but if not, please advise us.

"How are you progressing in the distribution of our beers? We would appreciate very much hearing from you.

"With kindest regards, we are"

If there was any ambiguity in the contract as to the territory assigned, it was dispelled by this letter of confirmation. It definitely fixed the territory allotted by the contract as Wyandotte, Leavenworth and Johnson Counties—all located in Kansas. The Palmisano Brothers could not claim the right under this contract to distribute beer in counties other than the three Kansas counties. The contract clearly contemplated the distribution of beer in Kansas.

■ In Kansas, in the absence of a showing to the contrary, at the time of the execution of this contract, beer was presumed to be intoxicating. State ex rel. v. Owston, 138 Kan. 173, 23 P.2d 616. The sale of all intoxicants, with certain exceptions not material here, was prohibited by the criminal laws of the state and was punishable by both fine and imprisonment. §§ 21-2101 and 21-2109, General Statutes of Kansas, 1935. No attempt was made to establish that the beer which was to be distributed under the contract involved here was in fact nonintoxicating. The presumption therefore is that it was an intoxicating beverage under the laws of Kansas.

■ A contract allocating territory in Kansas for the distribution of this beer violated the criminal laws and the long established public policy of the state with regard to the sale of intoxicating liquors. Such a contract therefore was void and could afford no basis for relief to any of the parties thereto. Setter v. Alvey, 15 Kan. 126; Bowman v. Phillips, 41 Kan. 364, 21 P. 230, 3 L.R.A. 631, 13 Am.St.Rep. 292.

■ Appellee takes the position that it delivered no beer in Kansas and that therefore it violated no law of that state. This seems to have been the view taken by the trial court. It found that no beer was delivered by appellee to Palmisano Brothers in Kansas. But the court did not find, nor is it contended, that the Palmisano Brothers did not distribute this beer in Kansas. The validity of the contract must be determined from its own terms. If it contemplated and provided for the distribution of this beer in Kansas, it was illegal and void and no action could be based thereon. Whether the beer was delivered to the Palmisano Brothers outside of Kansas is unimportant. The significant fact is that it was delivered to them under the provisions of this contract and for distribution by them in Kansas. The parties could not cleanse themselves or the contract of its unholy provisions by making delivery of the beer beyond the borders of the state, but nevertheless meant for distribution in the state.

■ It is further contended that in any event the judgment is right because all shipments for which recovery was sought were made subsequent to the enactment of § 21-2109a, General Statutes of Kansas, 1941 Supp., which legalized the sale of beverages containing not more than 3.2% of alcohol by weight, and that as to such shipments the contract was valid. This position is untenable for a number of reasons. The contract was not limited to the distribution of what is commonly called 3.2 beer. Neither did the court find, nor is there any evidence in the record which would support a finding, that 3.2% beer was delivered; but in any event it would not be controlling. By the great weight of authority, an agreement that is illegal by statute or on the grounds of public policy when made is not rendered legal by repeal of the statute or change in the public or legislative policy. 17 C.J.S., Contracts, page 355, § 23; 12 Am.Juris., p. 660, § 165; Fitzsimons v. Eagle Brewing Co., 3 Cir., 107 F.2d 712, 126 A.L.R. 681; Denning v.

Yount, 62 Kan. 217, 61 P. 803, 50 L.R.A. 103. The only exceptions to the general rule are where parties when making a contract neither knew nor had reason to know the facts making it illegal, or where in changing a law the Legislature manifests an intention to validate existing contracts. Restatement of the Law on .Contracts, .Vol. 2, § 609. Neither of these exceptions applies here.

Reversed and remanded, with directions to enter judgment for appellants.